UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BOBBY G. and DYNNA MOORE, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> R.G. BRINKMANN COMPANY d/b/a ) <br> Brinkmann Constructors, ) <br> NEGWER MATERIALS, INC., and ) <br> DURA-STILT SALES LIMITED ) <br> PARTNERSHIP, and ) <br> IAM of PUERTO RICO, INC., ) <br> ) <br> Defendants. ) | Case No. 11-cv-208-JPG-PMF |

**MEMORANDUM AND ORDER**

This matter comes before the Court on its own initiative for purposes of case management. Specifically, the Court questions whether it has jurisdiction over this matter.

Federal courts are courts of limited jurisdiction. They may exercise jurisdiction only over matters authorized by the Constitution and by statute. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1316 (7th Cir. 1997). Moreover, federal courts must police the boundaries of their own jurisdiction. Even absent an objection by a party challenging jurisdiction, they are "obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction." *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448-49 (7th Cir. 2000) (quoting *Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)). As such, this Court conducts a rigorous initial review of complaints to ensure that jurisdiction has been properly pled.

In their Second Amended Complaint (Doc. 29), Plaintiffs Bobby G. and Dynna Moore have not properly pled diversity of citizenship as a basis for federal jurisdiction. Federal courts have jurisdiction over a civil action between citizens of different states. 28 U.S.C. § 1332(a)(1)

(2006). "For the purposes of [§ 1332(c)] . . . , a corporation shall be deemed a citizen of any State by which it has been incorporated *and* of the State where it has its principal place of business[.]" *Se. Guar. Trust Co., Ltd. v. Rodman & Renshaw, Inc.*, 358 F. Supp. 1001, 1005-1006 (N.D. Ill. 1973) (emphasis added). Here, the Moores have not alleged either the state of incorporation or the principal places of business of Defendants American Home Products, Inc., AHP Subsidiary Holding Corporation, or Wyeth Pharmaceuticals. The Court also notes Defendant Dura-Stilt Sales Limited Partnership is a limited partnership. "[L]imited partnerships are citizens of every jurisdiction of which any partner is a citizen." *Ind. Gas Co. V. Home Ins. Co.,* 141 F.3d 314, 316 (7th Cir. 1998) (citing *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990)). The Moores have not identified the members of Dura-Stilt Sales Limited Partnership, let alone their citizenship.

Accordingly, the Court **ORDERS** the Moores to correct these and *any other* jurisdictional defects by **June 10, 2011.** *See Tylka*, 211 F.3d at 448 ("[I]t is not the court's obligation to lead counsel through a jurisdictional paint-by-numbers scheme."). Should they fail to do so, the Court will dismiss this matter for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**
**Dated: June 2, 2011**

           s/ J. Phil Gilbert
           **J. PHIL GILBERT**
           **DISTRICT JUDGE**