IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BOBBY G. MOORE and DYNNA MOORE,<br>      Plaintiffs,<br><br>      v.<br><br>R.G. BRINKMANN COMPANY d/b/a BRINKMANN CONSTRUCTORS, NEGWER MATERIALS, INC., DURA-STILT SALES LIMITED PARTNERSHIP, IAM OF PUERTO RICO, INC., and TOOLS FOR TRADES, INC.,<br>      Defendants. | No. 3:11-CV-208 JPG-PMF |
| R.G. BRINKMANN COMPANY,<br>      Crossclaimant and Third-party Plaintiff,<br><br>      v.<br><br>IAM OF PUERTO RICO, INC., TOOLS FOR TRADES, INC., DURA-STILT SALES LIMITED PARTNERSHIP, and NEGWER MATERIALS, INC.,<br>      Crossdefendants,<br><br>      and<br><br>AMERICAN EXTERIOR-INTERIOR SERVICES, INC.,<br>      Third-party Defendant. | |
| NEGWER MATERIALS, INC.,<br>      Crossclaimant and Third-party Plaintiff,<br><br>      v.<br><br>IAM OF PUERTO RICO, INC., TOOLS FOR TRADES, INC., and DURA-STILT SALES LIMITED PARTNERSHIP,<br>      Crossdefendants,<br><br>      and<br><br>AMERICAN EXTERIOR-INTERIOR SERVICES, INC.,<br>      Third-party Defendant. | |
| TOOLS FOR TRADES, INC.,<br>      Crossclaimant,<br><br>      v.<br><br>IAM OF PUERTO RICO, INC.,<br>      Crossdefendant. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on four motions to dismiss pursuant to Federal Rule

of Civil Procedure 12(b)(2) for lack of personal jurisdiction filed by defendant/crossdefendant IAM of Puerto Rico, Inc. ("IAM") (Docs. 105, 107, 108 & 109).  IAM seeks dismissal of the claims against it by plaintiffs Bobby G. Moore and Dynna Moore and the crossclaims against it by defendants R.G. Brinkmann Company, Tools for Trades, Inc., and Negwer Materials, Inc.  No party has responded to the motions by the January 30, 2012, deadline (Doc. 113).

This case arose after plaintiff Bobby G. Moore was injured on his construction job when a piece of equipment malfunctioned, causing him to fall and sustain injuries.  He and his wife have sued R.G. Brinkmann Company (general contractor), Negwer Materials, Inc. (equipment distributor), Dura-Stilts Sales Limited Partnership (equipment distributor), IAM (equipment manufacturer) and Tools for Trades, Inc. (equipment distributor).  Several of the defendants have sued each other and Moore's employer, American Exterior-Interior Services, Inc.

The Court construes the plaintiffs' and counterclaimants' failure to respond as an admission of the merits of the motions and will therefore grant the motions (Docs. 105, 107, 108 & 109) and will dismiss all claims in this case against IAM for lack of personal jurisdiction.

Even if the Court had considered the merits of the motions, it would grant the motions. In all of the motions, IAM argues that this federal court sitting in Illinois does not have personal jurisdiction over it because it is not organized under the laws of Illinois, maintains no offices in Illinois, does not engage in business in Illinois, does not own, lease or control property in Illinois, does not maintain an office, telephone or fax listings within Illinois, has no shareholders or officers residing in Illinois, does not advertise or market products in Illinois, has no employees in Illinois, has never had business operations in Illinois, has never entered into a contract with Illinois residents and has never advertised itself as a company that provides

services or products or does business in Illinois.  It supports these assertions by affidavit testimony.

When personal jurisdiction is challenged under Rule 12(b)(2), the plaintiff[1] bears the burden of establishing personal jurisdiction over a defendant.  *Purdue Research Found. v. Sanofi-Syntholabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003) (citing *Central States, S.E. & S.W. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 939 (7th Cir. 2000)).  If there are material facts in dispute regarding the Court's jurisdiction over a defendant, the Court must hold an evidentiary hearing at which the plaintiff must establish jurisdiction by a preponderance of the evidence.  *Purdue Research*, 338 F.3d at 782 (citing *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002)).  Alternatively, the Court may decide the motion to dismiss without an evidentiary hearing based on the submitted written materials so long as it resolves all factual disputes in the plaintiff's favor.  *Purdue Research*, 338 F.3d at 782 (citing *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997));  *see Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir.), *cert. denied*, 131 S. Ct. 567 (2010).  If the Court consults only the written materials, the plaintiff need only make a *prima facie* showing of personal jurisdiction.  *Purdue Research*, 338 F.3d at 782 (citing *Hyatt*, 302 F.3d at 713); *Tamburo*, 601 F.3d at 700.  Here, the Court considers only the written materials.  Thus, the plaintiffs' burden is to make a *prima facie* showing of personal jurisdiction.

A federal court sitting in diversity, as the Court does in this case, looks to the personal jurisdiction law of the state in which the court sits to determine if it has personal jurisdiction

---

[1]Where a crossclaim is at issue, the crossclaimant bears the same burden as the plaintiff, and the crossdefendants is in the same position as the defendant.  For simplicity's sake, the Court will simply refer to the plaintiff and defendant in its discussion.

over a defendant. *Hyatt*, 302 F.3d at 713 (citing *Dehmlow v. Austin Fireworks*, 963 F.2d 941, 945 (7th Cir. 1992)). Thus, this Court applies Illinois law. Under Illinois law, a court has personal jurisdiction over a defendant if an Illinois statute grants personal jurisdiction and if the exercise of personal jurisdiction is permissible under the Illinois and United States constitutions. *RAR,* , 107 F.3d at 1276; *Wilson v. Humphreys (Cayman) Ltd.*, 916 F.2d 1239 (7th Cir. 1990).

### Illinois Statutory Law

Under Illinois law, the long-arm statute permits personal jurisdiction over a party to the extent allowed under the due process provisions of the Illinois and United States constitutions. 735 ILCS 5/2-209(c); *Hyatt*, 302 F.3d at 714; *Reimer*, 230 F.3d at 940. Therefore, whether the Court has jurisdiction over a defendant depends on whether such jurisdiction is permitted by federal and state constitutional standards.

### Illinois Constitutional Law

The Illinois Constitution's due process guarantee, Ill. Const. art. I, § 2, permits the assertion of personal jurisdiction "when it is fair, just, and reasonable to require a nonresident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois." *Rollins v. Ellwood*, 565 N.E.2d 1302, 1316 (Ill. 1990). When interpreting these principles, a court may look to the construction and application of the federal due process clause. *Id*. In fact, the Seventh Circuit Court of Appeals has suggested that there is no operative difference between Illinois and federal due process limits on the exercise of personal jurisdiction. *Hyatt*, 302 F.3d at 715 (citing *RAR*, 107 F.3d at 1276). The Court sees nothing in this case indicating that in this particular situation the federal and state standards should reach a different result. Therefore, if the contacts between

the defendant and Illinois are sufficient to satisfy the requirements of federal due process, then the requirements of both the Illinois long-arm statute and the Illinois Constitution have also been met, and no other inquiry is necessary.

### Federal Constitutional Law

The Due Process Clause of the Fourteenth Amendment limits when a state may assert personal jurisdiction over nonresident individuals and corporations. *See Pennoyer v. Neff*, 95 U.S. 714, 733 (1877), *overruled on other grounds by Shaffer v. Heitner*, 433 U.S. 186 (1977). Under federal due process standards, a court can have personal jurisdiction over a defendant only if the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The defendant must have purposefully established such minimum contacts with the forum state such that it "should reasonably anticipate being haled into court there," *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980), because it has "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws," *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). *Burger King Corp. v. Rudzewicz*, 474-75 (1985); *see J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780, 2788 (2011) (Kennedy, J., plurality opinion).

What this standard means in a particular case depends on whether the plaintiff asserts "general" or "specific" jurisdiction. Specific jurisdiction refers to jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum. *Hyatt*, 302 F.3d at 716 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 nn. 8, 9

(1984)).  General jurisdiction, on the other hand, may exist even in suits that do not arise out of or relate to the defendant's contacts so long as the defendant has "continuous and systematic" contacts with the forum state.  *Hyatt*, 302 F.3d at 713;  *Helicopteros Nacionales*, 466 U.S. at 416.    IAM has presented evidence supporting the notion that it does not have the necessary minimum contacts with the state of Illinois to subject it to this Court's personal jurisdiction.  The plaintiffs and crossclaimants have not pointed to evidence countering IAM's evidence.  Nor have they shown that IAM has purposefully established any contacts with the state of Illinois such that it could reasonably anticipate being brought into court here or that IAM has purposefully availed itself of conducting activities in the state of Illinois.  Therefore, the plaintiffs and crossclaimants have not carried their burden of establishing a basis for exercising personal jurisdiction over IAM.

Accordingly, the Court:

- **GRANTS** the motions to dismiss IAM for lack of personal jurisdiction (Docs. 105, 107, 108 & 109);

- **DISMISSES** the claims against IAM by plaintiffs Bobby G. Moore and Dynna Moore and the crossclaims against IAM by defendants R.G. Brinkmann Company, Tools for Trades, Inc., and Negwer Materials, Inc. for lack of personal jurisdiction; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED:  February 8, 2012**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**